(153 App. Div. 425.)

### RICHE et al. v. GREENWICH BANK OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. November 22, 1912.)

TRUSTS (§ 365*)—ENFORCEMENT—TIME TO SUE.

Where a creditor of a bankrupt contractor, having claims provable in bankruptcy, agreed with creditors, having liens on sums to be earned under the bankrupt's contract for public work, to complete the contract in consideration of a release of the liens, etc., and distribute "the net surplus remaining, when and as received," in agreed proportions, there was no obligation to distribute until the percentage retained by the city according to custom had been paid; and an equitable proceeding, charging conversion, waste, and improvidence, but not positively alleging that any surplus has been realized, was premature.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 568–573; Dec. Dig. § 365.*]

Appeal from Special Term, Richmond County.

Action by Crescenzio Riche and others against the Greenwich Bank of the City of New York. From a judgment dismissing the complaint, plaintiffs appeal. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, and CARR, JJ.

J. L. Farrell, of New York City, for appellants.

James J. Allen, of New York City (Clarence Storm, of New York City, on the brief), for respondent.

THOMAS, J. Rieser was the assignee of a contract, with all money unpaid thereon, made with the city of New York for certain construction work, and was adjudged a bankrupt, and a receiver appointed. At that time the persons named as plaintiffs, as materialmen, were creditors of Rieser, or his assignor, or both, and had liens upon money earned under the contract, but retained by the city pending completion of it, and the defendant was Rieser's creditor upon claims provable in bankruptcy. The necessities of the creditors demanded the performance of the contract, and the defendant undertook it upon the terms stipulated in the contract on which the complaint is based. The scheme of the contract is that the defendant should take over the contract, with all rights to payments, that the plaintiffs should release all liens, and that the receiver and all creditors joining in the contract should not permit them or the bankruptcy proceedings to impede the defendant's undertaking or defeat its title to the property, and that the defendant should have the use of the plant for the purposes of the work. Among the things agreed to be done by defendant was this:

"The net surplus remaining, including the 5 per cent. reserved by the city of New York, shall, when and as received, be divided as follows: Sixty per cent. shall be held or paid to the party of the first part, and 40 per cent. shall be divided among the parties of the third part, pro rata, according to the amounts (with interest) now due each, respectively, for and on account of said contract work."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The work has been done, and 5 per cent. of the payments reserved as usual. At the opening of the trial the complaint was dismissed, upon the ground that it did not state a cause of action in equity.

Passing the question of the necessity of the examination of a complicated account and the need of discovery, matters not beyond discussion, it seems clear that the plaintiffs released their liens or right to follow the property in bankruptcy, that it might be used by the defendant as capital for doing the work, and that the surplus or profits should be divided in the manner stated; that is, the defendant should retain or pay itself 60 per cent. thereof and divide the balance pro rata among the third parties to the contract. The contract is, not that the defendant shall pay the receiver, who, as second party having title subject to the liens, transferred it, but that 40 per cent. should be divided; i. e., distributed amongst the once lienors. The plan involved a statement of varied expenses in a somewhat important public work, and the deduction of the aggregate items, so far as allowed, and some other disbursements and payments, and the disposition of the surplus. The surplus did not belong to the defendant as against the creditors, nor did it agree to pay it, or to pay a sum equal to it; but it was allowed out of the surplus to pay itself or to keep 60 per cent. of it and divide the balance of the fund. The surplus was to be a common fund in the defendant's possession, belonging in different proportions to several persons, and such persons stood in a relation similar to cestuis que trust to the defendant, a trustee. Instead of finishing the contract through the receiver and distributing the money, the defendant, a creditor, for all concerned took what there was of the contract, with all moneys conditionally earned and to be earned, and agreed to do the work and distribute what was realized as profit. But, although the defendant has agreed to dispose of the surplus in the manner stated, it can be done only when received, and 5 per cent. of the entire price paid for the work has not come to the defendant for disposal. The duty of distribution follows possession of the fund. It is true that the agreement provides that the "net surplus  *  *  *  shall, when and as received, be divided"; but the net surplus cannot be divided until it shall be in hand. Hence there is no breach of trust, and, unless some other equity is shown, the action is premature.

The complaint charges waste by the defendant and improvidence in doing the work; but that is a matter incident to an accounting, when an action therefor lies. The complaint charges that:

"Although a large surplus has been or should have been realized, * * * the defendant, its agents and representatives, have converted to their own use or diverted, or both, or have wasted and squandered, or both, a large part of the money."

The defendant has not converted a surplus not realized, and there is no allegation that a surplus has been realized. The allegation has two aspects, one of which precludes conversion, and the other alternatively and doubtfully charges that a surplus has been earned, and converted or diverted, or both, or wasted or squandered. Such matter, if properly pleaded, proffers usual matter for examination upon an

138 N.Y.S.—28

accounting; but nothing is stated that requires for the plaintiffs' protection the interposition of the court before the money is in hand and the fund ascertainable.

The judgment should be affirmed, with costs: All concur.