hanna Reardon against the City of New York. No opinion. Application denied, with $10 costs. Order signed. See, also, 132 N. Y. Supp. 332.

REES, Respondent, v. AKRON GYPSUM CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. January 8, 1913.) Action by Charles F. Rees against the Akron Gypsum Company. No opinion. Appeal dismissed, without costs, upon stipulation filed.

REGENSTEIN v. HOWARD et al. (Supreme Court, Appellate Division, Second Department. January 10, 1913.) Action by Minnie Regenstein against Annie Louise Howard and others. No opinion. Judgment affirmed, with costs.

REILLY v. SIMONSON. (Supreme Court, Appellate Division, First Department. January 3, 1913.) Appeal from Trial Term, New York County. Action by Sarah Teresa Reilly against Albert Simonson. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered. Theodore H. Lord, of New York City, for appellant. Nathan Marks, of Brooklyn, for respondent.

PER CURIAM. The judgment and order appealed from are reversed, and a new trial ordered, with costs to appellant to abide the event, on the ground that the evidence does not support the finding of the jury that the defendant was guilty of negligence.

SCOTT, J., dissents.

In re REQUA. (Supreme Court, Appellate Division, First Department. January 17, 1913.) In the matter of Mary A. Requa. No opinion. Motion denied, with $10 costs. Settle order on notice. See, also, 138 N. Y. Supp. 1139.

REYNOLDS, Respondent, v. STEWART-KERBAUGH-SHANLEY CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. January 8, 1913.) Action by Dwight E. Reynolds against the Stewart-Kerbaugh-Shanley Company. No opinion. Judgment and order affirmed, with costs.

RIANHARD, Respondent, v. M. BOWSKY FUR DRESSING & DYEING CO., Appellant. (Supreme Court, Appellate Division, Second Department. January 10, 1913.) Action by Dane E. Rianhard against the M. Bowsky Fur Dressing & Dyeing Company. No opinion. Order affirmed, with $10 costs and disbursements.

RICHE et al., Appellants, v. GREENWICH BANK OF CITY OF NEW YORK, Respondent. (Supreme Court, Appellate Division, Second Department. January 22, 1913.) Action by Crescenzio Richie and others against the Greenwich Bank of the City of New York. No opinion. Motion for reargument (138 N. Y. Supp. 432) granted, and case set down for Tuesday, January 28, 1913.

RIDGEWOOD NAT. BANK v. STALLO et al. (Supreme Court, Appellate Division, First Department. January 31, 1913.) Action by the Ridgewood National Bank against Edmund K. Stallo and others. Rockwood & Haldane, of New York City, for appellants. W. S. Gordon, of New York City, for respondent. No opinion. Order affirmed, with $10 costs and disbursements, with leave to defendants to withdraw demurrers and to answer, on payment of costs in this court and in the court below. Order filed.

RILEY, Respondent, v. RANSOM et al., Appellants. (Supreme Court, Appellate Division, Second Department. January 17, 1913.) Action by Elizabeth B. Riley against Eleanor M. Ransom and others. No opinion. Motion granted, without costs. See, also, 152 App. Div. 939, 137 N. Y. Supp. 1140.

ROCK, Respondent, v. NEW YORK CENT. & H. R. R. CO. et al., Appellants. (Supreme Court, Appellate Division, Third Department. December 30, 1912.) Action by Andrew J. Rock against the New York Central & Hudson River Railroad Company and another.

PER CURIAM. Judgment and order affirmed, with costs.

KELLOGG, J., dissents.

In re ROLLINS et al. (Supreme Court, Appellate Division, First Department. January 31, 1913.) In the matter of charges against Phillip A. Rollins and others, attorneys at law. Proceedings in part dismissed, and in part remanded to the Grievance Committee of the Association of the Bar of the City of New York.

PER CURIAM. In this proceeding there was presented to the court the petition of one Joseph C. Robin, detailing certain facts in relation to a claim made by the firm of Gifford, Hobbs & Beard against a banking corporation known as the Northern Bank, then in charge of the Superintendent of Banks; the institution having failed. An examination of all of these papers fails to disclose any fact that would justify any proceedings against any of the respondents named, other than the firm of Gifford, Hobbs & Beard. As to the firm of Rollins & Rollins, we can see no fact alleged which would in the slightest degree reflect upon their professional character, and the proceedings, therefore, as against all of the respondents, except the firm of Gifford, Hobbs & Beard, are dismissed. As to the facts alleged in relation to the firm of Gifford, Hobbs & Beard, we think there is sufficient to justify a further investigation, and, without expressing an opinion that there are any facts stated